UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case: 2:23-cr-20538 |
| | ) | Judge: Friedman, Bernard A. |
| Plaintiff, | ) | MJ: Altman, Kimberly G. |
| | ) | Filed: 09-20-2023 |
| v. | ) | |
| | ) | |
| DANIEL L. ISRAEL | ) | Count I:  15 U.S.C. § 1 |
| | ) | |
| Defendant. | ) | |

## INFORMATION

THE UNITED STATES OF AMERICA, ACTING THROUGH ITS ATTORNEYS, CHARGES:

## DEFENDANT AND CO-CONSPIRATORS

1. DANIEL L. ISRAEL is hereby made defendant on the charge contained in this Information.

2. During the period covered by this Information, Defendant was President and part-owner of Company A, a corporation organized and existing under the laws of Michigan and with its principal place of business in the Eastern District of Michigan.  During the period covered by this Information, Company A was engaged in the provision of asphalt paving services within the State of Michigan.

3. Another corporation and other individuals not made defendants in this Information participated as co-conspirators in the offense charged herein and performed acts and made statements in furtherance of the conspiracy.

4. Whenever in this Information reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction

by or through its officers, directors, agents, employees, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

## BACKGROUND OF THE OFFENSE

5. During the period covered by this Information, Company B was a corporation with its principal place of business in the Eastern District of Michigan and engaged in the provision of asphalt paving services within the State of Michigan.

6. During the period covered by this Information, Company A and Company B provided a range of asphalt paving services to customers in the State of Michigan, including to customers in the Eastern District of Michigan. These asphalt paving services included asphalt paving projects such as large driveways, parking lots, private roadways, and public streets.

7. During the period covered by this Information, potential customers solicited bids from providers of asphalt paving services. Potential customers typically required bids from at least two or more providers of asphalt paving services and awarded contracts for asphalt paving services after first reviewing and evaluating the bids submitted by asphalt paving services providers.

## DESCRIPTION OF THE OFFENSE

8. Beginning at least as early as March 2013 and continuing until at least as late as November 2018, the exact dates being unknown to the United States, in the Eastern District of Michigan, Defendant and Company A entered into and engaged in a combination and conspiracy with Company B and other co-conspirators to suppress and eliminate competition by agreeing to rig bids for contracts to provide asphalt paving services in the State of Michigan. The combination and conspiracy engaged in by Defendant and his co-conspirators was a *per se* unlawful, and thus unreasonable, restraint of interstate trade and commerce in violation of

Section 1 of the Sherman Act (15 U.S.C. § 1).

9. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among Defendant and his co-conspirators, the substantial terms of which were to rig bids for contracts to provide asphalt paving services in the State of Michigan.

## MEANS AND METHODS OF THE CONSPIRACY

10. For the purpose of forming and carrying out the charged combination and conspiracy, Defendant and his co-conspirators did those things that they combined and conspired to do, including, among other things:

  a. engaging in conversations and communications to discuss which asphalt paving services contracts each co-conspirator company wanted to win;

  b. agreeing, during those conversations and communications, to rig bids for asphalt paving services contracts;

  c. soliciting intentionally non-competitive bids from each other so that an agreed-upon co-conspirator would win a particular contract to provide asphalt paving services;

  d. exchanging pricing-related information to enable co-conspirators to submit non-competitive bids for asphalt paving services contracts to potential customers so that an agreed-upon co-conspirator would win the contract;

  e. submitting, and causing to be submitted, non-competitive bids for asphalt paving services contracts containing higher prices than those prices submitted by the agreed-upon winning co-conspirator, in accordance with the agreement; and

  f. providing asphalt paving services and accepting payment in accordance

with contracts that were obtained through a collusive and non-competitive process.

## TRADE AND COMMERCE

11. During the period covered by this Information, Defendant and his co-conspirators provided asphalt paving services in a continuous and uninterrupted flow of interstate trade and commerce. In addition, records and documents necessary for the sale and provision of such services, as well as payments for those services, traveled in interstate trade and commerce.

12. During the period covered by this Information, the business activities of Defendant and his co-conspirators in connection with the provision of asphalt paving services that are the subject of this Information were within the flow of, and substantially affected, interstate trade and commerce.

## VENUE

13. During the period covered by this Information, acts in furtherance of this conspiracy were carried out within the Eastern District of Michigan. Asphalt paving services that were the subject of this Information were provided by one or more of the co-conspirators to customers in the Eastern District of Michigan.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

| | |
|---|---|
| Date: <u>September 20, 2023</u> | U.S. DEPARTMENT OF JUSTICE, ANTITRUST DIVISION, BY |
| /s/ Jonathan S. Kanter | /s/ Kalina M. Tulley |
| JONATHAN S. KANTER<br>Assistant Attorney General | KALINA M. TULLEY<br>Chief, Chicago Office |

/s/ Michael N. Loterstein

MICHAEL N. LOTERSTEIN, IL Bar. No. 6297060
Assistant Chief

RUBEN MARTINEZ JR., TX Bar No. 24052278
MELANIE G. WEGNER, IL Bar No. 6324826
ALLISON M. GORSUCH, IL Bar No. 6329734
AMBRIS S. SARAVANAN, IL Bar No. 6342503
Trial Attorneys

Chicago Office
209 South LaSalle Street, Suite 600
Chicago, IL 60604
Tel: (312) 984-7200

| United States District Court Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number |
|---|---|---|

**NOTE:** It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** 23-CR-20381 |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | **Judge Assigned:** Gershwin A. Drain |
| ☒ Yes    ☐ No | **AUSA's Initials:** MNL |

**Case Title:** USA v. Daniel L. Israel

**County where offense occurred:** Oakland County

**Check One:**    ☒ Felony    ☐ Misdemeanor    ☐ Petty

    ____Indictment/ ✓ Information --- **no** prior complaint.
    ____Indictment/____Information --- based upon prior complaint [**Case number:**                    ]
    ____Indictment/____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

September 20, 2023
      Date

s/ *Michael N. Loterstein*
Michael N. Loterstein
Trial Attorney
United States Department of Justice
Antitrust Division
209 South LaSalle Street, Suite 600
Chicago IL 60604
Michael.Loterstein@usdoj.gov
(312) 754-3931

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.