UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

v.

DANIEL L. ISRAEL,

Defendant.

Criminal No.

Filed:

Violation: 15 U.S.C § 1
Sherman Act Conspiracy

ONE COUNT

F I L E D

OCT 3 0 2023

CLERK'S OFFICE
U. S. DISTRICT COURT
EASTERN MICHIGAN

## **PLEA AGREEMENT**

The United States Department of Justice, Antitrust Division ("United

States") and DANIEL L. ISRAEL ("defendant") hereby enter into the following

Plea Agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal

Procedure ("Fed. R. Crim. P."):

## **RIGHTS OF DEFENDANT**

1.    The defendant understands his rights:

    (a)    to be represented by an attorney;

    (b)    to be charged by Indictment;

    (c)    to plead not guilty to any criminal charge brought against him;

    (d)    to have a trial by jury, at which he would be presumed not

guilty of the charge and the United States would have to prove every

1

essential element of the charged offense beyond a reasonable doubt for him

to be found guilty;

    (e)    to confront and cross-examine witnesses against him and to

subpoena witnesses in his defense at trial;

    (f)    not to be compelled to incriminate himself;

    (g)    to appeal his conviction, if he is found guilty; and

    (h)    to appeal the imposition of sentence against him.

## AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

2.    The defendant knowingly and voluntarily waives:

    (a)    the rights set out in subparagraphs 1(b)-(f) above;

    (b)    the right to file any appeal or collateral attack, including but not

limited to an application or motion under 28 U.S.C. § 2241 or 2255, that

challenges his conviction, including but not limited to any appeal or

collateral attack raising an argument that (1) the statute to which he is

pleading guilty is unconstitutional or (2) the admitted conduct does not fall

within the scope of such statute; and

    (c)    the right to file any appeal or collateral attack, including but not

limited to an appeal under 18 U.S.C. § 3742 or an application or motion

under 28 U.S.C. § 2241 or 2255, that challenges a sentence of incarceration

imposed by the Court if that sentence is within or below the Sentencing

Guidelines range as determined by the Court, or the imposition of a criminal fine by the Court if that fine is within or below the recommended fine range as set forth in Paragraph 9(e), below, regardless of how that sentence is determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies he may otherwise have 1) on collateral attack respecting claims of ineffective assistance of counsel; or 2) on appeal or collateral attack respecting claims of prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct. Consistent with Fed. R. Crim. P. 11(b)(1)(O), the defendant recognizes that if he is not a citizen of the United States pleading guilty may have consequences with respect to his immigration status, including removal from the United States, denial of citizenship, and denial of admission to the United States in the future. Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty to a one-count Information to be filed in the United States District Court for the Eastern District of Michigan. The Information will charge the defendant with participating in a conspiracy to suppress and eliminate competition by agreeing to rig bids for contracts to provide asphalt paving services in the state of Michigan beginning at

3

least as early as March 2013 and continuing until at least as late as November 2018, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

3.  The defendant will plead guilty to the criminal charge described in Paragraph 2 above pursuant to the terms of this Plea Agreement and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below. The United States agrees that at the arraignment, it will stipulate to the release of the defendant on his personal recognizance, pursuant to 18 U.S.C. § 3142, pending the sentencing hearing in this case.

## FACTUAL BASIS FOR OFFENSE CHARGED

4.  Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

(a)  For purposes of this Plea Agreement, the "relevant period" is that period beginning at least as early as March 2013 and continuing until at least as late as November 2018. During the relevant period, the defendant was the President and part-owner of Company A, an entity organized and existing under the laws of Michigan and with its principal place of business in the Eastern District of Michigan. During the relevant period, Company A was a provider of asphalt paving services and was engaged in the provision of asphalt paving services in the state of Michigan. These asphalt paving

4

services included asphalt paving projects such as large driveways, parking lots, private roadways, and public streets.

(b)     During the relevant period, Company B also was a provider of asphalt paving services, with its principal place of business in the Eastern District of Michigan.

(c)     During the relevant period, the defendant participated in a conspiracy with other individuals, Company A, and Company B, the primary purpose of which was to rig bids for contracts to provide asphalt paving services in the state of Michigan.  In furtherance of the conspiracy, the defendant and other officers and employees of Company A engaged in conversations and communications with representatives of Company B regarding which asphalt paving services contracts each company wanted to win, and agreed, during these conversations and communications, to rig bids for asphalt paving services contracts in each other's favor.  To effectuate these bid-rigging agreements, the agreed-upon winning co-conspirator solicited intentionally non-competitive bids from the agreed-upon losing co-conspirator.  The agreed-upon winning co-conspirator provided the agreed-upon losing co-conspirator with the price it intended to bid, and the agreed-upon losing co-conspirator used that information to craft a higher-priced non-competitive bid, which it then submitted to the customer.  As a result of

5

these bid-rigging agreements, Company A and Company B each provided asphalt paving services and accepted payment under contracts obtained through a collusive and non-competitive process.

(d)     The conspiracy with Company B involved at least five participants.

(e)     During the relevant period, records and documents necessary for the provision of asphalt paving services by one or more of the co-conspirators, as well as payment for those services, traveled in interstate trade and commerce. During the relevant period, the business activities of conspirators in connection with the provision of asphalt paving services that were the subject of this conspiracy were within the flow of, and substantially affected, interstate trade and commerce.

(f)     During the relevant period, acts in furtherance of this conspiracy were carried out within the Eastern District of Michigan. The conspiratorial conversations and communications described above took place in this District, and asphalt paving services that were the subject of this conspiracy were provided by one or more of the co-conspirators to customers in the Eastern District of Michigan.

(g)     Between at least as early as March 2013 until at least as late as May 2021, the volume of commerce attributable to Company A under

6

U.S.S.G. §§ 1B1.3 and 2R1.1 associated with the provision of asphalt paving services affecting U.S. customers totaled at least $22,315,512.

## ELEMENTS OF THE OFFENSE

5.    The elements of the offense charged in the Information are that:

(a)    the conspiracy described in the Information existed at or about the time alleged;

(b)    the defendant knowingly became a member of the conspiracy described in the Information; and

(c)    the conspiracy described in the Information either substantially affected interstate commerce in goods or services or occurred within the flow of interstate commerce in goods and services.

## POSSIBLE MAXIMUM SENTENCE

6.    The defendant understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of Section One of the Sherman Antitrust Act is:

(a)    a term of imprisonment for ten (10) years (15 U.S.C. § 1);

(b)    a fine in an amount equal to the greatest of (1) $1 million, (2) twice the gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (15 U.S.C. § 1; 18 U.S.C. § 3571(b) and (d)); and

(c)     a term of supervised release of three (3) years following any

term of imprisonment. If the defendant violates any condition of supervised

release, the defendant could be required to serve up to two (2) years in

prison (18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2) and (e)(3); and

United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines,"

or "Guidelines") §5D1.2(a)(2)).

7.     In addition, the defendant understands that:

(a)     pursuant to U.S.S.G. §5E1.1 or 18 U.S.C. § 3663(a)(3) or

3583(d), the Court may order him to pay restitution to the victims of the

offense; and

(b)     pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to

order the defendant to pay a $100.00 special assessment upon conviction for

the charged crime.

## SENTENCING GUIDELINES

8.     The defendant understands that the Sentencing Guidelines are

advisory, not mandatory, but that the Court must consider, in determining and

imposing sentence, the Guidelines Manual in effect on the date of sentencing

unless that Manual provides for greater punishment than the Manual in effect on

the last date that the offense of conviction was committed, in which case the Court

must consider the Guidelines Manual in effect on the last date that the offense of

conviction was committed. The parties agree there is no *ex post facto* issue under the November 1, 2021 Guidelines Manual. The Court must also consider the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence. The defendant understands that the Court will make Guidelines determinations by applying a standard of preponderance of the evidence. The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-incriminating information that the defendant provides to the United States pursuant to this Plea Agreement will not be used to increase the volume of affected commerce attributable to the defendant or in determining the defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. §1B1.8(b).

## SENTENCING AGREEMENT

9.  Pursuant to Fed. R. Crim. P. 11(c)(1)(B) and subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 20 of this Plea Agreement, the United States and the defendant agree that the following Sentencing Guidelines apply:

(a)  Base offense level, U.S.S.G. §2R1.1(a)            12

(b) Agreement to submit noncompetitive bids,

U.S.S.G. §2R1.1(b)(1):                                    +1

(c) Volume of commerce, U.S.S.G. §2R1.1(b)(2)(B)

(stipulated to be $22,315,512):                           +4

(d) Clear demonstration of acceptance of responsibility for the

offenses, U.S.S.G. §3E1.1(a):                             -2

(e) Fine range calculated as one to five percent of the volume of

commerce (stipulated to be $22,315,512),

U.S.S.G. §2R1.1(c)(1):                  $223,155 to $1,000,000

10.    The United States and the defendant do not agree as to the applicability of U.S.S.G. §3B1.1 or U.S.S.G. §3C1.1. Both parties are free to argue for or oppose the applicability of these Guidelines provisions at sentencing.

11.    The United States agrees that it will make a motion in support of a reduction of one additional offense level point pursuant to U.S.S.G §3E1.1(b) if the defendant meets that Guideline's offense level prerequisite. But if the United States obtains or receives additional evidence or information prior to sentencing that, in its sole discretion, it determines to be credible and materially in conflict with the application of U.S.S.G. §3E1.1(b), then the United States shall no longer be bound by this provision.

12.  The United States and the defendant agree to recommend that the defendant's sentence not include a restitution order for the offenses charged in the Information.

13.  The United States agrees to recommend a sentence of incarceration within the applicable Sentencing Guidelines range and subject to any motion filed by the United States pursuant to Paragraph 18, below, and a criminal fine at the bottom of the applicable Sentencing Guidelines fine range. The defendant is free to recommend or argue for any specific sentence to the Court.

14.  Either party is free to ask the Court to consider the factors set forth in 18 U.S.C. § 3553(a) in determining and imposing the defendant's sentence. Either party is free to oppose the other party's sentencing recommendation based on those factors.

15.  The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0. The parties agree not to seek at the sentencing hearing any Guidelines adjustment for any reason that is not set forth in this Plea Agreement. Furthermore, the defendant and the United States expressly acknowledge that while none of the Guidelines calculations set forth above are binding on the Court or the Probation Office, the parties have agreed

11

pursuant to Fed. R. Crim. P. 11(c)(1)(B) that certain components of those calculations—specifically, those set forth above in Paragraph 9—are binding on the parties, and it shall be a breach of this Plea Agreement for either party to present or advocate a position inconsistent with the agreed-upon calculations set forth in Paragraph 9.

16.     The defendant understands that the Court will order him to pay a $100 special assessment pursuant to 18 U.S.C. § 3013(a)(2)(A) in addition to any fine imposed.

17.     The defendant understands that the sentence to be imposed on him is within the sole discretion of the sentencing judge.  The United States cannot and does not make any promises or representations as to what sentence he will receive. However, the United States will inform the Probation Office and the Court of (a) this Agreement; (b) the nature and extent of the defendant's activities with respect to this case and all other activities of the defendant which the United States deems relevant to sentencing; and (c) the nature and extent of the defendant's cooperation with the United States.  In so doing, the United States may use any information it deems relevant, including information provided by the defendant both prior and subsequent to the signing of this Agreement.  The United States reserves the right to make any statement to the Court or the Probation Office concerning the nature of the criminal violations charged in the attached Information, the participation of

12

the defendant therein, and any other facts or circumstances that it deems relevant. The United States also reserves the right to comment on or to correct any representation made by or on behalf of the defendant, and to supply any other information that the Court may require. To enable the Court to have the benefit of all relevant sentencing information, the United States may request, and the defendant will not oppose, that sentencing be postponed until his cooperation is complete.

18.    If the United States determines that the defendant has provided substantial assistance in any investigations or prosecutions, and has otherwise fully complied with all of the terms of this Plea Agreement, it will file a motion, pursuant to U.S.S.G. §5K1.1, advising the sentencing judge of all relevant facts pertaining to that determination and requesting that the Court sentence the defendant in light of the factors set forth in U.S.S.G. §5K1.1(a)(1)-(5). The defendant acknowledges that the decision whether he has provided substantial assistance in any investigations or prosecutions and has otherwise complied with the terms of this Plea Agreement is within the sole discretion of the United States. It is understood that, should the United States determine that the defendant has not provided substantial assistance in any investigations or prosecutions, or should the United States determine that the defendant has violated any provision of this Plea Agreement, such a determination will release the United States from any obligation

13

to file a motion pursuant to U.S.S.G. §5K1.1, but will not entitle the defendant to withdraw his guilty plea once it has been entered. The defendant further understands that, whether or not the United States files a motion pursuant to U.S.S.G. §5K1.1, the sentence to be imposed on him remains within the sole discretion of the sentencing judge.

19.    The United States and the defendant understand that the Court retains complete discretion to accept or reject either party's sentencing recommendation. The defendant understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose either party's sentencing recommendation, he nevertheless has no right to withdraw his plea of guilty.

## DEFENDANT'S COOPERATION

20.    The defendant will cooperate fully and truthfully with the United States in the prosecution of this case, the current federal investigation of violations of federal antitrust and related criminal laws involving the provision of asphalt paving services in the state of Michigan and elsewhere, any federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party (collectively "Federal Proceeding"). Federal Proceeding includes, but is not limited to, an investigation, prosecution, litigation, or other proceeding regarding obstruction of, the making of a false statement or declaration in, the commission of perjury or

subornation of perjury in, the commission of contempt in, or conspiracy to commit

such offenses in, a Federal Proceeding. The full, truthful, and continuing

cooperation of the defendant will include, but not be limited to:

(a) producing all documents, including claimed personal

documents, and other materials, wherever located, not protected under the

attorney-client privilege or the work-product doctrine, in the possession,

custody, or control of the defendant, that are requested by attorneys and

agents of the United States in connection with any Federal Proceeding;

(b) making himself available for interviews, not at the expense of

the United States, upon the request of attorneys and agents of the United

States in connection with any Federal Proceeding;

(c) responding fully and truthfully to all inquiries of the United

States in connection with any Federal Proceeding, without falsely

implicating any person or intentionally withholding any information, subject

to the penalties of making a false statement or declaration (18 U.S.C. §§

1001, 1623), obstruction of justice (18 U.S.C. §§ 1503 *et seq.*), or conspiracy

to commit such offenses;

(d) otherwise voluntarily providing the United States with any

material or information not requested in (a) - (c) of this paragraph and not

protected under the attorney-client privilege or work-product doctrine that he may have that is related to any Federal Proceeding;

(e) when called upon to do so by the United States in connection with any Federal Proceeding, participating in affirmative investigative techniques, including but not limited to making telephone calls, recording conversations, and introducing law enforcement officials to other individuals, with all such activity being conducted only at the express direction and under the supervision of attorneys and agents of the United States;

(f) when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making a false statement or declaration in grand jury or court proceedings (18 U.S.C. § 1623), obstruction of justice (18 U.S.C. §§ 1503 *et seq.*), and contempt (18 U.S.C. §§ 401 - 402); and

(g) not committing, participating in, or attempting to commit or participate in any additional crimes.

## GOVERNMENT'S AGREEMENT

21. Subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 20 of this Plea Agreement, and upon the

Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of sentence, the United States agrees that it will not bring further criminal charges against the defendant for any act or offense committed before the date of signature of this Plea Agreement that was undertaken in furtherance of an antitrust conspiracy involving the provision of asphalt paving services in the state of Michigan (the "Relevant Offense"). The nonprosecution terms of this paragraph do not apply to (a) any acts of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. §§ 1503 *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses, except for the conduct underlying any potential recommendation by the United States for an upward adjustment under U.S.S.G. §3C1.1 pursuant to Paragraph 10, above, related to e-mail retention; (b) civil matters of any kind; (c) any violation of the federal tax or securities laws or conspiracy to commit such offenses; or (d) any crime of violence.

22. The defendant understands that he may be subject to suspension or debarment action by state or federal agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls what action, if any, other agencies may take. However, the Antitrust Division agrees

17

that, if requested, it will advise the appropriate officials of any governmental agency considering such action of the fact, manner, and extent of the cooperation of the defendant as a matter for that agency to consider before determining what action, if any, to take. The defendant nevertheless affirms that he wants to plead guilty regardless of any suspension or debarment consequences of his plea.

## REPRESENTATION BY COUNSEL

23. The defendant has reviewed all legal and factual aspects of this case with his attorney and is fully satisfied with his attorney's legal representation. The defendant has thoroughly reviewed this Plea Agreement with his attorney and has received satisfactory explanations from his attorney concerning each paragraph of this Plea Agreement and alternatives available to the defendant other than entering into this Plea Agreement. After conferring with his attorney and considering all available alternatives, the defendant has made a knowing and voluntary decision to enter into this Plea Agreement.

## VOLUNTARY PLEA

24. The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or

18

representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

25.     The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant has failed to provide full, truthful, and continuing cooperation, as defined in Paragraph 20 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery, email, or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant will be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant for the Relevant Offense, the statute of limitations period for such offense will be tolled for the period between the date of signature of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

19

26. The defendant understands and agrees that in any further prosecution of him resulting from the release of the United States from its obligations under this Plea Agreement because of the defendant's violation of this Plea Agreement, any documents, statements, information, testimony, or evidence provided by him to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against him. In addition, the defendant unconditionally waives his right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

27. This Plea Agreement constitutes the entire agreement between the United States and the defendant concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

28. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

29. A facsimile or PDF signature will be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

20

DATED: **10-27-23**

BY: _____

DANIEL L. ISRAEL
Defendant

BY: _____

WALTER J. PISZCZATOWSKI
P27158
Counsel for Daniel Israel

Respectfully submitted,

BY: _____

MICHAEL N. LOTERSTEIN
IL Bar No. 6297060
Assistant Chief

RUBEN MARTINEZ, JR.
TX Bar No. 24052278
MELANIE G. WEGNER
IL Bar No. 6324826
ALLISON M. GORSUCH
IL Bar No. 6329734
AMBRIS S. SARAVANAN
IL Bar No. 6342503
Trial Attorneys

U.S. Department of Justice
Antitrust Division
209 S. LaSalle St. Suite 600
Chicago, Illinois
Tel: 312-984-7200

21